## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## BEAUMONT DIVISION

| | | |
|---|---|---|
| **KEITH BADEAUX,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. 1:17-cv-00025** |
| | § | |
| **VOYAGER INDEMNITY INSURANCE** | § | |
| **COMPANY,** | § | |
| | § | |
| **Defendant.** | § | |

### VOYAGER INDEMNITY INSURANCE COMPANY'S NOTICE OF REMOVAL

1.     Defendant Voyager Indemnity Insurance Company ("Voyager") files this Notice of Removal against Plaintiff Keith Badeaux.

### I.     COMMENCMENT AND SERVICE

2.     The underlying lawsuit was commenced on December 14, 2016, when Plaintiff filed his Original Petition in the District Court, 75th Judicial District of Liberty County, Texas, styled Cause No. CV1611518; *Keith Badeaux v. Voyager Indemnity Insurance Company.*[1] Voyager filed its Original Answer in state court on January 17, 2016.[2]  Voyager filed its First Amended Answer in state court on January 20, 2017.[3]

3.     This Notice of Removal is filed within thirty days of the receipt of process of a copy of the initial pleading, and is thus timely filed under 28 U.S.C. § 1446(b).[4]  This Notice of Removal is also filed within one year of the commencement of this action, and is thus timely pursuant to 28 U.S.C. § 1446(c).

---

[1] *See* Exhibit C-1, Plaintiff's Original Petition.
[2] *See* Exhibit C-2, Defendant's Original Answer.
[3] *See* Exhibit C-3, Defendant's First Amended Answer.
[4] *See* Exhibit E, Executed Process.

## II.    GROUNDS FOR REMOVAL

4.    Voyager is entitled to remove the state court action to this Court pursuant to 28 U.S.C. §§ 1332, 1441 and 1446 because this action is a civil action involving an amount in controversy exceeding $75,000.00 between parties with diverse citizenship.

## III.    DIVERSITY OF CITIZZENSHIP

5.    This is an action with complete diversity of citizenship between Plaintiffs and the joined Defendant.

6.    Plaintiff is a citizen of Texas.[5]

7.    Defendant Voyager is a foreign insurance company.[6]

8.    No change of citizenship has occurred since commencement of the state court action.  Accordingly, diversity of citizenship exists among the proper parties.

## IV.    AMOUNT IN CONTROVERSY

9.    In the Fifth Circuit, a defendant who is served with a pleading requesting an indeterminate amount of damages has two options.  The defendant may either remove the case immediately if it can reasonably conclude that the amount in controversy exceeds $75,000.00, or the defendant may wait until the plaintiff serves some "other paper" indicating that the amount in controversy exceeds that amount.[7]  If the defendant chooses to remove the case immediately, then the federal court may determine the amount in controversy by: (i) looking to the defendant's removal papers or (ii) making an independent appraisal of the amount of the claim.[8]  In this

---

[5] *See* Exhibit C-1, Plaintiff's Original Petition, ¶ 2; Exhibit I-1, Accurint Report on Keith Badeaux (demonstrating that Mr. Badeaux has resided in Texas since January 1991); Exhibit I, Affidavit of Reed Burritt.

[6] *See* Exhibit C-1, Plaintiff's Original Petition, ¶ 3.

[7] *See* 28 U.S.C. § 1446(b)(3); *Addo v. Globe Life & Acc. Ins. Co*., 230 F.3d 759, 761–762 (5th Cir. 2000).

[8] *Allan v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1336 (5th Cir. 1995) (holding that "[a] court, in applying only common sense, would find that if the plaintiffs were successful in their punitive damages claim, they would collect

Circuit, the amount in controversy is calculated by considering all potential damages.[9]  Here, Plaintiffs' Original Petition demonstrates that the amount in controversy exceeds $75,000.[10]

### A. AVAILABLE FACTS PROVE THE AMOUNT IN CONTROVERSY EXCEEDS $75,000.

10.     If this Court makes an independent appraisal of the amount of Plaintiff's claims in this case or relies on Voyager's removal papers, the Court will conclude that the amount in controversy exceeds $75,000.00.  Plaintiff's Original Petition seeks at least $16,517.74 in actual damages.[11]   Because plaintiff pleads Voyager's alleged conduct was done knowingly, the potential treble damages total at least $49,553.22.[12]  Furthermore, Plaintiff seeks additional (1) punitive damages; (2) damages for emotional distress; and (3) eighteen-percent prejudgment interest.[13]  Lastly, Plaintiff seeks attorney's fees and court costs.[14]  The amount of attorneys' fees sought will only increase throughout the course of litigation.[15]  Accordingly, Plaintiffs' Original Petition establishes that the total amount in controversy in the action exceeds the sum of $75,000.00, and this Court has jurisdiction under 28 U.S.C. § 1332.

---

more than [$75,000.]"); *Marcel v. Pool Co.*, 5 F.3d 81, 84–85 (5th Cir. 1993) (holding that remand was properly denied where it was "facially apparent" from the complaint that damages could easily exceed the court's jurisdictional limits).

[9] *U.S. Fire Ins. Co. v. Villegas*, 242 F.3d 279, 284 (5th Cir. 2001) (relying on all potential damages to establish the threshold amount in controversy for diversity jurisdiction, including exemplary or punitive damages); *St. Paul Reinsurance Co., Ltd v. Greenerg*, 134 F.3d 1250, 1253 (5th Cir. 1998) ("Thus, in addition to policy limits and potential attorney's fees, items to be considered in ascertaining the amount in controversy when the insurer could be liable for those sums under state law are inter alia penalties, statutory damages, and punitive damages—just not interest or costs.").

[10] *See* Exhibit C-1, Plaintiffs' Original Petition.

[11] *Id*. at ¶ 7.

[12] *Id*. at ¶ 11; *Coburn v. Am. Gen. Life & Acc. Ins. Co.*, No. CIV.A. H-12CV3678, 2013 WL 2289937, at *2 (S.D. Tex. May 22, 2013) (the court can consider treble damages in calculating the amount in controversy).

[13] *See* Exhibit C-1, Plaintiffs' Original Petition, ¶ 21.

[14] *Id*.

[15] *St. Paul Reinsurance Co., Ltd.*, 134 F.3d at 1253 (stating that amount in controversy should include potential attorney's fees incurred through trial).

## V.     VENUE

11.     Venue lies in the Eastern District of Texas, Beaumont Division, pursuant to 28 U.S.C. §§ 1441(a) and 1446(a) because Plaintiff filed the state court action in this judicial district and division.

## VI.     CONSENT TO REMOVAL

12.     No Consent to Removal is necessary as Voyager is the only named defendant in this lawsuit.

## VII.     NOTICE

13.     Defendant will give notice of the filing of this notice of removal to all parties of record pursuant to 28 U.S.C. § 1446(d).  Defendant will also file with the clerk of the state court, and will serve upon Plaintiff's counsel, a notice of the filing of this Notice of Removal.

## VIII.     STATE COURT PLEADINGS

14.     Copies of all state court pleadings and orders are attached to this Notice of Removal.

## IX.     EXHIBITS TO NOTICE OF REMOVAL

15.     Pursuant to Rule 81 of the Local Civil Rules for the Eastern District of Texas, the following documents are attached to this Notice as corresponding numbered exhibits:

    A.  Certified Copy of the State Court Docket Sheet;

    B.  Pleadings asserting causes of action and all answers to such pleadings;

        1.  Plaintiffs' Original Petition;

        2.  Voyager Indemnity Insurance Company's Original Answer;

        3.  Voyager Indemnity Insurance Company's First Amended Answer.

    C.  All orders signed by the state judge;

D.  Executed Process;

E.  List of All Parties and Attorneys of Record;

F.  Record of Parties Demanding Trial by Jury;

G.  Name and Address of State Court;

H.  Civil Cover Sheet;

I.  Affidavit of Reed Burritt;

      1.  Accurint Report on Keith Badeaux.

## X.      <u>CONCLUSION</u>

WHEREFORE, Defendant, pursuant to the statutes cited herein, removes this action from the District Court, 75th Judicial District of Liberty County, Texas to this Court.

Dated: January 20, 2017

Respectfully submitted,

EDISON, MCDOWELL & HETHERINGTON, LLP

By:/s/  Bradley J. Aiken
    Bradley J. Aiken
    State Bar No. 24059361
    Federal Bar No. 975212
1001 Fannin Street, Suite 2700
Houston, Texas 77002
Telephone: (713) 337-5580
Facsimile: (713) 337-8850
brad.aiken@emhllp.com

*Attorney-in-Charge for Defendant*
*Voyager Indemnity Insurance Company.*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been served on January 20, 2017, on the following counsel of record by certified mail, return receipt requested:

Mark J. Beausoleil
Beausoleil Law Group
P.O Box 663
Liberty, TX 77575
Phone: (936) 336-6275
Fax: (936) 336-2266

*/s/ Reed Burritt*
Reed Burritt