# EXHIBIT B-1

FILED
12/14/2016 10:42:43 AM
Donna G. Brown
District Clerk
Liberty County, TX
Destiny Henry

NO. CV1611518

| | | |
|---|---|---|
| KEITH BADEAUX, Plaintiff, | § § § | IN THE DISTRICT COURT |
| V. | § § § | 75th  JUDICIAL DISTRICT |
| VOYAGER INDEMNITY INSURANCE COMPANY Defendant. | § § § | OF LIBERTY COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION FOR DELAY IN PAYMENT OF BENEFITS AND REQUEST FOR DISCLOSURES

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Keith J. Badeaux, hereinafter referred to as Plaintiff, complaining of and about Voyager Indemnity Insurance Company, hereinafter referred to as Defendant, and for cause of action shows unto the Court the following:

### DISCOVERY CONTROL PLAN LEVEL

1. Plaintiff intends that discovery be conducted under Discovery Level

### PARTIES AND SERVICE

2. Plaintiff, Keith J. Badeaux, is an individual residing in Liberty County, Texas.

3. Defendant, Voyager Indemnity Insurance Company, is a foreign corporation, permitted to do business in the State of Texas, which may be served with citation in this action by service of citation on the Office of Voyager Indemnity Insurance Company at 11222 Quail Roost Dr., Miami, Florida 33157. Voyager Indemnity Insurance Company is admitted to do business in Texas, holds a certificate of authority as a Domestic Insurance Company, on June 08, 1998. It has been doing business in Texas from that time to the present. Its principal office and place of business is located at 11222 Quail Roost Dr.. Miami, Florida 33157.

1

## JURISDICTION AND VENUE

4. The subject matter in controversy is within the jurisdictional limits of this court.

5. This court has jurisdiction over the parties because Defendant, although not a resident of Texas, transacts business in this state.

6. Venue in Liberty County is proper in this cause under Section 15.011 of the Texas Civil Practice and Remedies Code because this action involves real property as provided by said Section, and this county is where all or part of the real property is located.

## FACTS

6. On November 04, 2015, Defendant issued to Plaintiff an insurance policy, No. MV1801374-04. Among other things the policy provided in part that defendant, would indemnify Plaintiff for any harm caused to Plaintiff's property located at, 1003 CR 6475, Dayton, Texas 77535, by windstorm or hail.

7. On January 02, 2015, while the policy was in full force and effect, Plaintiff suffered the following loss to the property due to a wind storm: extensive exterior and interior damage to his roof. The amount of the damage caused by prolonged winds and rain is estimated at $16,517.74.

8. On or about January 02, 2015, Plaintiff notified Defendant of the damage to Plaintiff's home and demanded Defendant to indemnify him for the damage to his property, pursuant to the indemnity provisions of the policy.

9. Plaintiff was forced to hire an attorney to demand payment from the Defendant for the damage to the property created by a covered peril in the policy.

10. Defendant has not indemnified Plaintiff for his loss more than twenty three months after the loss occurred. Defendant's delay in paying Plaintiff's claim breached their duty of

good faith and fair dealing, under the policy, since Defendant had no reasonable cause for the delay and knew or should have known it had no reasonable cause. Under these circumstances, a person or insurance company of ordinary care and prudence would not have delayed payment of the claim for eight months. Based on Plaintiff status as its holder and beneficiary, under the policy, Defendant owed Plaintiff a duty of good faith and fair dealing.

11. Based on the acts described in this Complaint, Defendant knew that they would cause financial and emotional injury to Plaintiff, carried out their adjustment of Plaintiff's claim with a conscious disregard of his right to the proceeds of the policy and subjected the Plaintiff to cruel and unjust hardship in conscious disregard to the Plaintiff right to the proceeds of the policy.

## FIRST CAUSE OF ACTION
## (BREACH OF CONTRACT)

As a cause of action against defendant, Plaintiff further alleges as follows:

12. Plaintiff adopts and incorporates by reference herein paragraphs 1 thru 11 of his Complaint as set forth in full.

13. Plaintiff paid all premiums due under the policy.

14. Defendant's expressed and/or implied representation to act in good faith and thoroughly investigate and process any claims Plaintiff may make on their policy of insurance with defendant was material to the formation of the contract of insurance with defendant.

15. Defendant is in breach of said contract of insurance and as a result, Plaintiff has incurred monetary damages as aforesaid and defendant is therefore liable for all damages suffered by Plaintiff.

Therefore, Plaintiff seeks judgment as prayed for below.

## SECOND CAUSE OF ACTION

## (UNFAIR CLAIM SETTLEMENT PRACTICES)

As a cause of action against defendant Plaintiff further alleges as follows:

16. Plaintiff adopts and incorporates by reference herein paragraphs 1 thru 11 of his Complaint as set forth in full.

17. Defendants are engaged in the business of insurance in the State of Texas and the policy was issued and delivered to Plaintiff in the State of Texas.

18. Defendants committed the acts referred to above knowingly and as part of a general business practice of: not attempting in good faith to effectuate a prompt, fair, and equitable settlement of a claim when the insurer's liability has become reasonably clear and the claimant's settlement demand to the insured is such that an ordinarily prudent insurer would accept it.

19. These acts constitute a violation of Texas Insurance Code Section 541.060, "Unfair Insurance Settlement Practices."

20. As a result of defendant's breach of the policy, Plaintiff has suffered damages as alleged in paragraph 7, above.

Therefore Plaintiff seeks judgment as prayed for below.

## PRAYER FOR RELIEF

21. As a direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiff, was caused to suffer the following damages:

Plaintiff prays for judgment as follows:

### A. First Cause of Action (Breach of Contract)

On Plaintiff's first cause of action Plaintiff prays for damages against defendant:

1. For policy proceeds and insurance monies for damages covered under insurance

4

contract, emotional distress;

2. For attorney's fees and costs according to proof;

3. For such other relief as the Court may deem just.

      B. **Second cause of Action (Unfair Insurance Settlement Practices)**

On Plaintiff's second cause of action Plaintiff prays for damages against defendant:

1. For policy proceeds and insurance monies for damages covered under insurance contract, emotional distress;

2. For punitive damages;

3. For attorney's fees and costs according to proof;

4. For such other relief as the Court may deem just.

5. Eighteen (18%) percent interest for prejudgment interest.

## REQUEST FOR DISCLOSURE

Pursuant to Rule 194 of the Texas Rules of Civil Procedure, Defendant is requested to disclose, within fifty (50) days after service of this request upon each Defendant, the information or material described in Rule 194.2(a) through (l).

## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff, Keith J. Badeaux respectfully prays that the Defendant be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiff against Defendant for damages in an amount within the jurisdictional limits of the Court; together with pre-judgment interest at the maximum rate allowed by law; post-judgment interest at the legal rate, costs of court; and such other and further relief to which the Plaintiff may be entitled at law or in equity.

Respectfully submitted,

By: *(signed)* Mark Beausoleil

Mark J. Beausoleil
Attorney at Law
Beausoleil Law Group
Texas Bar No. 00795242
P.O. Box 663
Liberty, TX 77575
Tel. (936) 336-6275
Fax. (936) 336-2266
Attorney for Plaintiff(s)
Keith J. Badeaux

**PLAINTIFF HEREBY DEMANDS TRIAL BY JURY**